IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER ABEL CASTRO-CASTRO; et al. | No. C 10-5453 MMC |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | |
| EMILIA BARDINI, Director, San Francisco Asylum Office, United States Citizenship and Immigration Services, et al., | |
| Defendants. | |

Before the Court is defendants' motion, filed February 1, 2011, to dismiss plaintiffs' Amended Complaint, or, in the alternative, for summary judgment. Plaintiffs have filed opposition, to which defendants replied. The matter came on regularly for hearing on May 20, 2011. Jonathan Kaufman of the Law Offices of Jonathan M. Kaufman appeared on behalf of plaintiffs; Christopher Hollis of the Office of Immigration Litigation for the United States Department of Justice appeared on behalf of defendants. Having read and considered the papers filed in support of and in opposition to the motion, and having considered the arguments of counsel, the Court rules as follows.

## BACKGROUND

According to the complaint, plaintiffs are six aliens who, upon arriving in the United States, were placed in removal proceedings, where they raised a claim for asylum.

(See Am. Compl. ¶¶ 4-9.)[1] Pursuant to the Trafficking Victims Protection Reauthorization Act of 2008 § 235(d)(7)(B), 8 U.S.C. § 1158(b)(3)(C) ("TVPRA"),[2] the plaintiffs' asylum applications were referred to the United States Citizenship and Immigration Services ("USCIS"),[3] which determined five of the six plaintiffs were "unaccompanied alien children" ("UACs"), exercised "initial jurisdiction" over their applications, and decided not to grant asylum (see Am. Compl. ¶¶ 4-9).[4]

Plaintiffs allege USCIS's decisions not to grant asylum failed to accord with § 235(d)(8) of the TVPRA, which provides: "Applications for asylum and other forms of relief from removal in which an unaccompanied alien child is the principal applicant shall be governed by regulations which take into account the specialized needs of unaccompanied alien children and which address both procedural and substantive aspects of handling unaccompanied alien children's cases." (See Am. Compl. ¶ 2); 8 U.S.C. § 1232(d)(8). Plaintiffs allege no such regulations have been promulgated. (See Am. Compl. ¶ 2.)

Plaintiffs allege USCIS's actions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," in violation of the Administrative Procedures Act. (See Am. Compl. ¶¶ 16, 17.) Plaintiffs seek an order "[e]njoining the USCIS to rescind its decisions, to hold [p]laintiffs' asylum applications in abeyance pending the promulgation of regulations pursuant to Section 235(d)(8) of the TVPRA, and to make new decisions in accordance with such regulations when such regulations have been promulgated."

---

[1] Plaintiffs do not allege their removal proceedings are complete, or that, to date, any aspect of their removal proceedings, beyond an interview with USCIS pursuant to its initial jurisdiction, has occurred.

[2] Section 1158(b)(3)(C) provides: "An asylum officer . . . shall have initial jurisdiction over any asylum application filed by an unaccompanied alien child."

[3] USCIS is part of the Department of Homeland Security. The Executive Office for Immigration Review is part of the Department of Justice and includes the Immigration Courts as well as the Board of Immigration Appeals ("BIA").

[4] USCIS decided not to exercise initial jurisdiction over the sixth plaintiff, Jose Mario Escobar-Ayala, and, consequently, did not grant his application for asylum, as it determined he did not qualify as a UAC. (See Compl. Ex. D at 3 ("Notice of Lack of Jurisdiction (non-UAC)," July 29, 2010).)

(See Am. Compl. at 8:25-9:4.)

At the outset, defendants move to dismiss for lack of subject matter jurisdiction, on the ground that, under to 8 U.S.C. § 1252, the district courts lack jurisdiction over challenges to final orders of removal.

**LEGAL STANDARD**

Where, as here, the party challenging subject matter jurisdiction "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," the attack is considered "facial." See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In reviewing a facial attack, the Court assumes the plaintiff's "allegations to be true and draw[s] all reasonable inferences in his favor." See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). Because federal courts are "courts of limited jurisdiction," however, the burden of establishing subject matter jurisdiction "rests upon the party asserting jurisdiction." See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

**DISCUSSION**

The Immigration and Nationality Act ("INA"), as amended by the REAL ID Act, "provides that a petition for removal in the court of appeals is 'the sole and exclusive means for judicial review of an order of removal.'" Singh v. Gonzales, 499 F.3d 969, 971 (9th Cir. 2007) (quoting 8 U.S.C. § 1252(a)(5)[5]). Similarly, the statute's "'zipper clause' . . . consolidates or 'zips' 'judicial review' of immigration proceedings into one action in the court of appeals." Id. at 976 (internal quotation and citation omitted) (discussing 8 U.S.C. § 1252(b)(9)[6]). By the "zipper clause," "Congress made clear that review of a final removal

---

[5] Section 1252(a)(5), titled "[e]xclusive means of review," provides: "Notwithstanding any other provision of law (statutory or nonstatutory) . . . , a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."

[6] Section 1252(b)(9) provides: "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this

order is the only mechanism for reviewing any issue raised in a removal proceeding." Id. (quoting H.R. Rep. No. 109-72, at 173 (2005), reprinted in 2005 U.S.C.C.A.N. 240, 298). The statute "effectively limit[s] all aliens to one bite of the apple with regard to challenging an order of removal." Id. at 977 (internal quotation, citation, and emphasis omitted). "By virtue of their explicit language," however, "both § 1252(a)(5) and § 1252(b)(9) apply only to those claims seeking judicial review of orders of removal." See id. at 978. Thus, challenges that "are independent of challenges to removal orders" are not barred by § 1252(a)(5) or § 1252(b)(9). Id. (quoting H.R. Rep. No. 109-72, at 175, 2005 U.S.C.C.A.N. 240, 299) (emphasis omitted).

      Here, plaintiffs seek a court order directing USCIS to void its decisions to not grant their asylum applications and further directing USCIS to hold plaintiffs' applications in abeyance, thereby effectively preventing their removal, until regulations are adopted pursuant to 8 U.S.C. § 1232(d)(8). Plaintiffs are not requesting the Court, by mandatory injunction or otherwise, order USCIS, or any other agency, to adopt such regulations or to do so within any particular time frame.

      Plaintiffs take the position that "[a]sylum proceedings before the USCIS do not 'arise from any action taken or proceeding brought to remove an alien from the United States,'" and, consequently, their claims are not barred. (See Pls.' Opp. at 9:22-10:1 (quoting § 1252(b)(9).) Plaintiffs argument, as plaintiffs' counsel clarified at the hearing, is not limited to the particular procedural error of which they complain, but, rather, that any claim of error, whether procedural or substantive, committed by USCIS in exercising its "initial jurisdiction," falls outside the REAL ID Act and may be presented to the district courts in the first instance.

      As an initial matter, the Court notes, the fact that an immigration judge ("IJ") is part of an agency separate from USCIS is not determinative of the question of whether plaintiffs'

---

section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact."

4

USCIS interviews are independent of their removal proceedings.  See Cabaccang v. USCIS, 627 F.3d 1313, 1315-16 (9th Cir. 2010) (holding decision by USCIS to deny application for adjustment of status not "final" for purposes of APA where, subsequent to USCIS's decision, removal proceedings initiated; noting "[i]t is immaterial that this further review takes place in a different agency within a different executive department . . . [;] the crucial consideration here is that the IJ may completely wipe away USCIS's prior decision"); Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (finding, with regard to plaintiff's claim of ineffective assistance of counsel in preparing asylum application heard by USCIS, "the BIA [was] the appropriate body to first pass on the claims in order to generate a proper record for review"); Mandour v. Holder, No. C 09-05964 SI, 2010 WL 1338091, at *2-3 (N.D. Cal. Apr. 5, 2010) (finding REAL ID Act barred district court from considering, after removal proceedings initiated, alleged error by USCIS in denying visa petition and application for adjustment of status).

Further, although, to date, no order of removal has issued, the absence thereof does not serve to take the case out of the REAL ID Act.  See Mandour, 2010 WL 1338091, at *3 (holding, "[a]lthough there is as yet no final order of removal from which petitioner may seek Ninth Circuit review, the INA's 'zipper clause' prevents this Court from hearing any challenge to the government actions that have placed petitioner" in removal proceedings).

In support of their contention that their USCIS interviews nonetheless are independent of their removal proceedings, plaintiffs assert that "an IJ has no authority to review an asylum officer's determinations, or the manner in which the USCIS' [sic] discharges its 'initial jurisdiction' in an asylum case."  (See Pls.' Opp. at 10:3-4.)  As the Ninth Circuit has observed, however, the "crucial consideration" is whether the IJ will consider the same issue and has the authority to essentially "wipe away" USCIS's initial determination.  See Cabaccang, 627 F.3d at 1315-15.  Further, although plaintiffs seek to frame their challenge as one to the manner in which their interviews were conducted rather than the outcome thereof, the REAL ID Act makes no such distinction.  See 18 U.S.C. § 1252(b)(9).  Moreover, although, as discussed above, plaintiffs seek to void USCIS's

decisions and enjoin USCIS from proceeding with their asylum applications, plaintiffs, in essence, seek to preclude the IJ from going forward with their removal proceedings until USCIS has met what plaintiffs contend are its initial jurisdictional obligations.  Absent such a stay of plaintiffs' removal proceedings before the IJ, any injunction directed to USCIS would provide plaintiffs no meaningful relief.

In that regard, irrespective of whether the IJ directly reviews the manner in which USCIS reaches its determination of the issue of asylum, the IJ must determine his or her own jurisdiction to go forward in the face of a challenge to USCIS's exercise of initial jurisdiction, and in connection therewith, has the authority to continue the hearing before the immigration court pending a proper exercise of initial jurisdiction by USCIS, see 8 C.F.R. § 1003.29 (providing, "[t]he Immigration Judge may grant a motion for continuance for good cause shown").  The IJ's determination to grant or deny such relief is, in turn, subject to review by the BIA, see 8 C.F.R. § 1003.1(d)(3)(ii) (providing, "[t]he [BIA] may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo").[7]

Additionally, the language of the TVPRA itself supports a finding that the USCIS interviews herein at issue are not independent of plaintiffs' removal proceedings.  As noted, USCIS, by statute, exercises "initial jurisdiction," see 8 U.S.C. § 1158(b)(3)(C), which phrase implies a determination made as the first of a number of steps in a removal proceeding.  Further, but for plaintiffs' status as UACs, plaintiffs' asylum claims would have been heard in the first instance by an IJ.  See 8 C.F.R. § 208.2(b) (providing "[i]mmigration judges shall have exclusive jurisdiction over asylum applications filed by an alien" in removal proceedings).  It is unlikely Congress, by enacting the TVPRA, intended to allow UACs to challenge, in district court, errors related to their asylum application, while

---

[7] Indeed, it appears the BIA may be able to remand plaintiffs' cases not only to the IJ but to USCIS as well.  See  8 C.F.R. § 1003.1(d)(3)(iii) ("The [BIA] may review all questions arising in appeals from decisions issued by [USCIS] officers de novo."); 8 C.F.R. § 1003.1(d)(3)(iv) ("If further factfinding is needed in a particular case, the [BIA] may remand the proceeding to the immigration judge, or, as appropriate, to [USCIS].").

6

forbidding such review to all others.

Cases in which a claim has been found independent of removal proceedings are distinguishable on their facts. In particular, in each such instance, the court has found the alien was prevented from obtaining review before the Ninth Circuit, and thus was deprived of the remedy afforded by the INA.

In Singh v. Gonzales, 499 F.3d 969, for example, the petitioner's habeas claim of ineffective assistance of counsel was based on his attorney's failure to file a timely appeal from a final order of removal. See id. at 973-74. Under such circumstances, the Ninth Circuit found, "a successful habeas petition . . . [would] lead to nothing more than 'a day in court' for [the petitioner], which is consistent with Congressional intent underlying the REAL ID Act." Id. at 979. Similarly, in Tapia-Fierro v. Mukasey, 305 F. App'x 361 (9th Cir. 2008) (memorandum), the Ninth Circuit found the district court had jurisdiction to consider the petitioner's habeas claim where the petitioner alleged the IJ had failed to adequately inform him of his right to appeal his removal. See id. at 363. As the Ninth Circuit noted, the petitioner therein, as in Singh, had suffered a "deprivation of an opportunity for direct review in the court of appeals." See id.

In Franco-Gonzales v. Holder, No. CV 10-02211 DMG (DTB), 2010 WL 5874537 (C.D. Cal. Dec. 27, 2010), although no such legal bar was presented, the district court essentially found, as a practical matter, such a bar existed. In particular, the district court found it had jurisdiction to hear a due process claim for appointed counsel brought by aliens suffering from "severe mental illnesses." See id. at *11. In so holding, the district court noted: "Because [p]laintiffs are mentally incompetent, they are likely to be irreparably harmed if they are unable to meaningfully participate in their respective immigration proceedings." Id. at *9.

Here, by contrast, plaintiffs do not claim they are unable, either by reason of their minority or otherwise, to meaningfully participate in the remainder of their removal proceedings. As discussed earlier, the claimed deficiencies in the interview process can be heard in the course of the removal proceedings, and plaintiffs have identified no particular

difficulty they have encountered to date, or anticipate encountering in the future, in challenging their removal.[8]

## CONCLUSION

For the reasons discussed above, the Court lacks jurisdiction over this matter.

Accordingly, defendants motion is hereby GRANTED, and the Amended Complaint is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: June 9, 2011

MAXINE M. CHESNEY
United States District Judge

---

[8] Plaintiffs have not specified their ages and all appearances before this Court have been by counsel. Additionally, Department of Justice policy "encourages the use of pro bono legal resources for unaccompanied juveniles," see Dep't of Justice, Office of Chief the Chief Immigration Judge, Immigration Court Practice Manual 84, Apr. 1, 2008, available at http://www.justice.gov/eoir/vll/OCIJPracManual/ocij_page1.htm, and provides special guidelines for the handling of minors' removal proceedings, see Dep't of Justice, Exec. Office of the Chief Immigration Judge, Operating Policies and Procedures Memorandum 07-01: Guidelines for Immigration Court Cases Involving Unaccompanied Alien Children, May 22, 2007, available at www.justice.gov/eoir/efoia/ocij/oppm07/07-01.pdf; see also USCIS Asylum Division, Guidelines for Children's Asylum Claims, Mar. 21, 2009, available at http://www.uscis.gov/USCIS/Humanitarian/Refugees%20&%20 Asylum/Asylum/AOBTC%20Lesson29_Guide_Children's_Asylum_Claims.pdf (providing guidelines to be followed by USCIS asylum officers when handling asylum applications made by UACs).